IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:19-cr-359-ECM |
| | ) | |
| JOHNATHAN EARL CHAPPELL | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Johnathan Chappell's motion to continue trial (doc. 14) filed on October 15, 2019. Jury selection and trial is presently set on the term of court commencing on November 18, 2019. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

On September 24, 2019, counsel for Chappell was appointed to represent Chappell and filed a notice of appearance on September 25, 2019. Defendant Chappell was arraigned on September 24, 2019, and an arraignment order was entered on September 30, 2019. On October 15, 2019, counsel for Chappell filed a motion for leave to file a motion to suppress out of time (doc. 15). The Court needs additional time to consider the motion, and the motion to suppress if leave to file the motion is granted. Because counsel is recently appointed, additional time is necessary to investigate and prepare for trial. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and Chappell in a speedy trial. Accordingly, it is

ORDERED that the motion to continue (doc. 14) is GRANTED, and jury selection and trial are CONTINUED from November 18, 2019 to the criminal term of court commencing on February 3, 2020, at 10:00 a.m., in Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the February trial term.

Done this 16th day of October, 2019.

                                      /s/Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE